# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18 CR 120 |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| ATKINSON, et al., | ) | **ORDER & OPINION** |
| Defendants. | ) | |

Before the Court is Defendant Michele Randolph's Motion for 12 months home confinement under the Second Chance Act. Doc. #: 44. For the reasons stated below, Defendant's Motion is **DENIED**.

**Factual Background**

On March 13, 2018, Randolph was charged by information to wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Doc. #: 1. Randolph entered into a plea agreement on March 21, 2018. Doc. #: 8. On July 10, 2018, Randolph was sentenced to 27 months custody of the Bureau of Prisons; 3 years supervised release; $100.00 special assessment; and $1,200,311.00 restitution. Doc. #: 19.

**Analysis**

Randolph now request that the Court permit her to spend the last 12 months of her sentence in home confinement under the Second Chance Act. The Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c)(1).

The Second Chance Act commands the Director of the Bureau of Prisons (the "Director") to consider placing an inmate in situations that would permit them to adjust and prepare for reentry into the community. *Lovett v. Hogsten*, 2009 U.S. App. LEXIS 28957, *4 (6th Cir.). The Second Chance Act does not guarantee such an accommodation. *Id.* Rather, the Director makes the determination on an individual basis according to the factors in 18 U.S.C. § 3621(b). *Id.* at *3.

To the extent that Randolph's Motion is a habeas petition under 28 U.S.C. § 2241, it is denied for lack of standing. To have standing to bring a claim, a party must face a threatened injury that is real, immediate, and direct. *Davis v. Federal Election Comm'n*, 554 U.S. 259, 298 (1979). Here, Randolph has merely requested the Court order that the last 12 months of her sentence be served through home confinement under the Second Chance Act. She fails to assert that the Director violated a mandate under the Second Chance Act in any way. Thus, Randolph fails to show that she is faced with real, immediate, and direct injury.

Randolph's Motion is also denied to the extent that it is a request for relief under the Second Step Act. The Second Step Act grants the Director, not the Court, the discretion to place inmates in situations that would permit them to adjust and prepare for reentry into the community. While the Court can require the Director to comply with the Second Step Act, the Court cannot affirmatively direct the Director to make a discretionary decision.

Accordingly, the Court cannot command the Director to place Randolph in home confinement for the last 12 months of her sentence. Thus, Randolph's Motion is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Sept. 23, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**